UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TIMOTHY E. HILLER,

        Plaintiff,

v.                                                                                  Civil Action No._____

ALACRITY COLLECTIONS CORPORATION

        Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices..

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

### III. PARTIES

3. Plaintiff Timothy E. Hiller is a natural person residing in Williamsville, New York.

4. Defendant Alacrity Collections Corporation (hereinafter referred to as "Alacrity") is a corporation organized under the laws of the State of Maryland.

5. Upon information and belief, Alacrity regularly attempts to collect debts alleged to be due another.

### IV. FACTUAL ALLEGATIONS

6. That the Defendant was employed by Laurel Regional Hospital to collect a debt allegedly owed to them by Plaintiff.

7. That on October 3, 2005, Defendant mailed an "itemized bill" to Plaintiff, which Plaintiff read, which did not disclose that Defendant was a debt collector.

8. That in the months of September and October of 2005, employees of Defendant placed and/or received telephone calls from the Plaintiff's mother and step-father relative to the debt to Laurel Regional Hospital.

9. That during said telephone calls, without the prior consent of Plaintiff, Defendant discussed Plaintiff's alleged debt to Laurel Regional Hospital with the Plaintiff's mother and step-father and in an effort to collect said debt, sought to make payment arrangements for same.

10. That upon hearing from his mother and step-father that they had spoken to Defendant, and that Defendant had disclosed that Plaintiff owed a debt to Laurel, Plaintiff became nervous, upset, and suffered from emotional distress.

## V. CAUSE OF ACTION

11. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 10 above.

12. The conduct of Defendant as described in paragraphs 7 through 10 of this complaint violated the Fair Debt Collection Practices Act (15 U.S.C.§1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C.§1692e(11) by failing to advise Plaintiff in their October 3, 2005 letter to him that they were debt collectors.

   B. Defendant violated 15 U.S.C. §1692c(b) by communicating with Plaintiff's mother and step-father in connection with the collection of Plaintiff's debt to Laurel Regional Hospital without Plaintiff's prior consent.

13. As a result of the Defendant's violations of the FDCPA, the Plaintiff suffered actual damages, including emotional distress, and is also entitled to an award of statutory damages, costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) actual damages;

(b) statutory damages pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

Dated: October 21, 2005

s/KENNETH R. HILLER, ESQ.
Attorney for the Plaintiff
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller1@adelphia.net